**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

LAURO VICENTE MARCA LEMA,

    Petitioner,

    v.

DORA CASTRO, *et al.*,

    Respondents.

No. 26cv4720 (RMB)

**MEMORANDUM ORDER**

**BUMB, District Judge.**

This matter comes before the Court upon Petitioner Lauro Vicente Marca Lemu's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his mandatory detention by immigration authorities as unlawful.  Dkt. No. 1 ("Petition").  Respondents filed an answer in opposition to the Petition, asserting this Court lacks jurisdiction over the Petition, and this matter should be transferred to Petitioner's district of confinement in the United States District Court, District of New Mexico.  For the reasons explained below, the Court will **TRANSER** the Petition to the United States District Court for the District of New Mexico.

## I.  BACKGROUND

On April 28, 2026, counsel for Petitioner filed the Petition in this Court although the caption of the Petition suggested it was filed in the United States District Court, District of New Mexico.  Petition ¶ 1.  In an abundance of caution, the Court

directed Respondents to file an answer to the Petition in this Court. Dkt. No. 3, Text Order. Respondents rely on the allegations in the Petition to establish that this Court lacks jurisdiction because the Petition was not filed in the alleged district of confinement and Petitioner's immediate custodian is not within the District of New Jersey. Answer at 1. Respondents also assert they were informed by ICE that Petitioner was detained at ERO El Paso Camp East Montana in El Paso, Texas from November 4, 2025 to April 10, 2026, and Petitioner was last at the Delaney Hall Detention Facility on November 4, 2025. *Id.* Petitioner has been detained at the Otero County Processing Center in New Mexico since April 10, 2026. *Id.*

## II.    JURISDICTION

For habeas petitions that challenge present physical confinement, jurisdiction lies in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The caption of the Petition indicates it was meant to be filed in the United States District Court, District of New Mexico, and Respondents affirm that the District of New Mexico is now and was Petitioner's district of confinement at the time the Petition was filed. This Court, therefore, lacks jurisdiction over the Petition.

## III.   TRANSFER TO CURE WANT OF JURISDICTION

Pursuant to 28 U.S.C. § 1631, when a court lacks jurisdiction over a civil action and it is in the interest of justice, the court:

> shall … transfer such action to any other such court … in which the action … could have been brought at the time it was filed … and the action .. shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

At all relevant times, Petitioner's district of confinement is in the District of New Mexico, and Petitioner challenges his detention as unlawful.  Therefore, it is in the interest of justice to transfer this matter to the district having jurisdiction over the Petition.

## IV.    CONCLUSION

For the reasons explained above,

**IT IS**, on this **26th day of May 2026**,

**ORDERED** that the Clerk of Court shall **TRANSFER** this matter to the United States District Court, District of New Mexico pursuant to 28 U.S.C. § 1631 to cure want of jurisdiction; and it is further

**ORDERED** that the Clerk shall **CLOSE** this matter.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge